IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In Re: | |
|---|---|
| | Case No. 1:17-bk-04864 |
| WISAL A. HAJYASIN | Chapter 13 |
| Debtor(s) | Honorable Judge Timothy A. Barnes |

## NOTICE OF MOTION

To:   Marilyn O Marshall, Chapter 13 Trustee (via Electronic Case Filing)
   Melanie Pennycuff, Esq., 2846A N. Milwaukee Ave., Chicago, IL 60618 (via US First Class Mail)
   Barry Kreisler, Kreisler Law P.C., 2846A N. Milwaukee Ave., Chicago, IL 60618 (via US First Class Mail)
   Ali Ozturk, President, 2428-2430 West Berwyn Condominium Association, 2430 W. Berwyn, Unit 2N, Chicago, IL 60625 (via US First Class Mail)

PLEASE TAKE NOTICE that on October 12, 2017 at 9:30 a.m., the undersigned will appear before the Honorable Judge Timothy A. Barnes at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 744, Chicago, Illinois and will then and there present **DEBTOR'S OBJECTION TO CLAIM 3-1,** at which time you may appear, if you so choose.

## CERTIFICATE OF SERVICE

I, James J. Haller, hereby certify that I caused a copy of this notice and motion to be served, via electronic case filing to Marilyn O Marshall, Chapter 13 Trustee and via United States First Class Mail to all parties listed above, on September 5, 2017 before the hour of 5:00 p.m. from the office located at 2500 S. Highland Ave., Suite 200, Lombard, Illinois 60148.

*/s/ James J Haller*
James J Haller
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
Telephone: (630)575-8181
Facsimile: (630)575-8188

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | NO. 17-04864 |
| WISAL A. HAJYASIN, ) | |
| ) | |
| ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| ) | Honorable Judge Timothy A. Barnes |
| ) | |

## DEBTOR'S OBJECTION TO CLAIM 3-1

**NOW COMES**, WISAL A. HAJYASIN (Debtor), by and through her attorneys, the Sulaiman Law Group, LTD., and pursuant to Federal Bankruptcy Procedure Rule 3007, Objecting to Claim 3-1 filed by the 2428-2430 West Berwyn Condominium Association (hereinafter "Condo Association") and in support thereof, states as follows:

1. On February 20, 2017, a bankruptcy case concerning the Debtor was filed under Chapter 13.

2. On March 28, 2017 the Condo Association filed a secured claim in the amount of $18,965.20. See Exhibit A, Claim 3-1, attached. For the basis of perfection the claim states "Condominium Declaration and Lien recorded 11/17/2016."

3. Attached to Claim 3-1 is a list of charges made to Debtor's account. These charges include inconsistent penalties for loud music, smoking fines and multiple assessments for attorney's fees.

4. Debtor questions whether these penalties and fines were made pursuant to a written agreement or rules.

5. Further Debtor questions whether the amount of attorney's fees is accurate. Attached to claim 3-1 is a Summary of Charges Included in Claim and a copy of a Notice of Lein in the amount of $13,312.65.

6. Claim 3-1 also does not contain a copy of the Condominium Declaration which is part of the basis of its secured claim. Further the claim does not contain any other document to support the penalties or charges.

7. Debtor's counsel has informally requested information to support these charges from the Condo Association but has not received any information to date. Please see Exhibit B attached.

### STANDARD

8. "Claim objectors carry the initial burden to produce some evidence to overcome the rebuttable presumption of validity." *In re Dugar,* 392 B.R. 745, 749 (Bankr.N.D.Ill 2008).

9. "Once the objector has produced some basis for calling into question allowability of a claim, the burden then shifts back to the claimant to produce evidence to meet the objection and establish that the claim in fact is allowable." *In re Vanhook,* 426 B.R. 296, 299 (Bank.N.D. Ill. 2010).

10. However, the ultimate burden of persuasion always remains with the claimant to prove entitlement to the claim." *In re Watson*, 402 B.R. 294, 297 (Bankr.N.D.Ind. 2009).

### ARGUMENT

11. Bankruptcy Rule 3001(c)(1) requires secured claims to include a copy of the writing attached to the claim.

12. Bankruptcy Rule 3001(c)(1) states : "...Except for a claim governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim."

13. Presumably the fines and penalties levied against the Debtor are pursuant to written agreement or document.

14. As Debtor is unable to verify the penalties, fines and attorney's fees charged to her account (and disputes same), Debtor respectfully asks this Court to reduce the Condo Association's secured claim to the amount of the lien of $13,312.65.

**WHEREFORE**, the Debtor prays this Honorable Court enter an order that:

A. Debtor's Objection to Claim 3-1 is sustained;

B. The amount of Claim 3-1 is reduced to $13,312.65.

C. For any and all other relief this Court deems fair and proper.

Dated: September 5, 2017                                         Respectfully Submitted,

/s/ James J. Haller
James J. Haller # 6226796
Counsel for Debtor
Sulaiman Law Group, LTD
2500 S. Highland Avenue, Suite 200

Lombard, IL 60148
Phone (630)575-8181
Fax: (630)575-8188