# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:17-bk-04864 |
| WISAL A. HAJYASIN | Chapter 13 |
| Debtor(s) | Honorable Timothy A. Barnes |

## NOTICE OF OBJECTION TO CLAIM 3-2

Marilyn O. Marshall
224 South Michigan Avenue, Suite 800
Chicago, Illinois 60604

Melanie Pennycuff, Esq.
2863A North Milwaukee Avenue
Chicago, Illinois 60618

2428-2430 West Berwyn Condo Association
2430 West Berwyn Avenue, Unit 2N
Chicago, Illinois 60625

Barry Kreisler, Esq.
2846A North Milwaukee Avenue
Chicago, Illinois 60618

PLEASE TAKE NOTICE that on May 16, 2019 at 9:30 a.m., the undersigned will appear before the Honorable Timothy A. Barnes at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 744, Chicago, Illinois and will then and there present **DEBTOR'S OBJECTION TO CLAIM 3-2,** at which time you may appear, if you so choose.

## CERTIFICATE OF SERVICE

I, Joseph S. Davidson, certify that I caused a copy of this notice and motion to be served, via electronic case filing to Marilyn O. Marshall, Chapter 13 Trustee and via United States Certified Mail to all parties listed on the attached service list, on April 16, 2019 before the hour of 5:00 p.m. from the office located at 2500 South Highland Avenue, Suite 200, Lombard, Illinois 60148.

*/s/ Joseph S. Davidson*

Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue,
Suite 200
Lombard, Illinois 60148

+1 630-575-8181
jdavidson@sulaimanlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:17-bk-04864 |
| WISAL A HAJYASIN | Chapter 13 |
| Debtor(s) | Honorable Timothy A. Barnes |

## DEBTOR'S OBJECTION TO CLAIM 3-2

NOW COMES WISAL A. HAJYASIN (the "Debtor"), through counsel, SULAIMAN LAW GROUP, LTD., pursuant to Fed. R. Bankr. P. 3007, objecting to the proof of claim filed by 2428-2430 WEST BERWYN CONDO ASSOCIATION (the "Creditor"), in support thereof, stating as follows:

1. Debtor filed the instant petition for Chapter 13 relief on February 20, 2017.

2. Creditor filed its proof of claim [Claim 3-1] on March 28, 2017.

3. Creditor filed its amended proof of claim [Claim 3-2] on November 16, 2017.

4. On December 11, 2017, Debtor agreed to (and did) accept $13,500.00 *to satisfy amount owed up to December 2017*. *See* Exhibit A.

5. Creditor *did not* withdraw Claim 3-2; instead, on November 16, 2018, Debtor *unjustly* received $6,217.77 disbursement from Chapter 13 Trustee. *See* Exhibit B.

### LEGAL STANDARD

6. Section 502 of the Bankruptcy Code governs the allowance of claims or interests in a bankruptcy case. 11 U.S.C. § 502.

7. Claims filed in a bankruptcy case are *prima facie* presumed valid under § 502(a) and are *prima facie* proof of their validity under Federal Rule of Bankruptcy Procedure 3001(f). *Conn. Gen. Life Ins. Co. v. Schaumburg Hotel Owner Ltd., P'ship* (*In re Schaumburg Hotel Owner Ltd. P'Ship*), 97 B.R. 943, 950 (Bankr. N.D. Ill. 1989).

8. Specifically, Bankruptcy Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); see also *In re Salem*, 465 F.3d 767, 779 (7th Cir. 2006).

9. Claim objectors carry the initial burden to produce some evidence to overcome the rebuttable presumption of validity. *In re Dugar*, 392 B.R. 745, 749 (Bankr. N.D. Ill. 2008); *In re O'Malley*, 252 B.R. 451, 455-56 (Bankr. N.D. Ill. 1999).

10. The evidence set forth by the objecting party must be of a probative force equal to that of the allegations asserted in the claim. *Surf Walk Condo Ass'n v. Wildman*, 84 B.R. 511, 515 (N.D. Ill. 1988).

11. "Once the objector has produced some basis for calling into question allowability of a claim, the burden then shifts back to the claimant to produce evidence to meet the objection and establish that the claim in fact is allowable." *O'Malley*, 252 B.R. at 456.

12. However, the ultimate burden of persuasion always remains with the claimant to prove entitlement to the claim. *In re Watson*, 402 B.R. 294, 297 (Bankr. N.D. Ind. 2009); *In re Octagon Roofing*, 156 B.R. 214, 218 (Bankr. N.D. Ill. 1993).

**ARGUMENT**

13. As the objecting party, Debtor carries the initial burden to overcome the rebuttable presumption that Creditor has a valid claim.

14. Creditor's claim is belied by the fact that on December 11, 2017, Debtor agreed to (and did) accept $13,500.00 *to satisfy amount owed up to December 2017*.

WHEREFORE, Debtor respectfully requests the following:

A. an Order disallowing Claim 3-2;

B. an Order disgorging Creditor of $6,217.77 unjustly received; and

C. award such other relief as this Court deems just and proper.

DATED: April 16, 2019                                    Respectfully submitted,

**WISAL A. HAJYASIN**

*/s/ Joseph S. Davidson*

Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com